Johnson, C. J., delivered the opinion of the court.- This wás an action of assumpsit, by attachment, brought by the' plaintiff in error against the defendant in error, in the Conway circuit court. The plaintiff declared-against the defendant upon á contract, which'he avers he made together with Bennet B. Ball ánd Benedict Berger; that they made the contract with him as partners,- and that Ball and Berger are not sued. To this declaration the' defendant interposed his demurrer, and had judgment. To' reverse which the case is brought into this court. The question raised by the record and assignment- óf‘ errors, is'' whether the demurrer was rightly sustained. In order to decide this question correctly, it will be necessary in the first place- to see what the common law is upon the subject, and then to inquire whether or not the common law has been repealed or in any manner impaired by the statutes of our .State. If it had appeared, upon the face of the declaration, that the parties not sued had not only entered into the contract but were also in full life at the time of the institution of the suit, the demurrer, by' the rules of the common law, would have been properly sustSined. But the objection that parties, who ought to be joined, were omitted, was not available even at the common law, on demurrer, unless it appears in the declaration, or other pleading of the plaintiff that the parties not sued, not only made the contract but also that they are still living; and if this does not appear, the objection can only be taken advantage of by plea in abatement. Taylor et al. vs. The Auditor, 2 Ark. R. 174, and cases there cited. Generally speaking, all joint obligors and persons bound by covenants, contracts, or quasi contracts, ought to be made parties to the suit, and the plaintiff may be compelled to join them all, by a plea in abatement for the non-joinder. But such an objection can only be taken advantage of by plea in abatement; for, if one party only is sued, it is not matter in bar of the suit, or in arrest of judgment upon the finding of the jury, or of variance in evidence in the trial. But the same doctrine does not appear to have been acted upon, in the full extent, in cases of recognizance and judgments, and other matters of record, such- as bonds to the crown. If in cases of this sort it appears by the declaration or- other pleadings, that there is another joint debtor, who is not sued, although it is not averred that he is living, the objection need not be pleaded in abatement, but it may be taken advantage of upon demurrer or arrest of judgment. Gilman vs. Rives, 10 Peters 298. This is the doctrine of the common law; and it is clear that the judgment in this case is not warranted by it. We now come to consider the second proposition; which is, to inquire whether there is any thing in the statutes of the State that will uphold and support the.decision of the courtbelow. The act of March 5th, 1838, chapter 129 in the Revised Code, declares that “For the purpose of construction, the revised statutes passed at the present session of the General Assembly, shall be deemed to have been passed on the same day, notwithstanding they may have been passed at different times; but if any provisions of different statutes are repugnant to each other, that which shall have been last passed, shall prevail; and so much of any prior provisions as may be inconsistent with such last provisions, shall be deemed repealed thereby.” Under this provision of the law it becomes necessary, in the investigation of this case, to compare two several acts of the legislature which were passed at different times, and to determine how they operate upon each other. The act of December, 9th, 1837, chapter 1, provides that “when one or more of the partners of any company, or association of individuals shall be sued, and the person or persons so sued shall plead in abatement that the parties are not joined in the suit, such suit, for that cause, shall not abate, if the plaintiff sue out a summons against the other partners named in such plea; and on the return of such summons, the names of the other partners named in such plea may be inserted in the declaration, and the suit shall proceed in all other respects thereafter, as if the partner named in such plea had been included in the original suit. And the act of December 18, 1837, chapter 116, also provides that' “every person who may have cause of action against several persons, and entitled by law to but one satisfaction therefor, may bring suit jointly against all or as many of them as he may think proper. The question here arises, whether the two last mentioned acts are repugnant to each other. For if so, the former is repealed by the latter. That there is a palpable and manifest re-pugnancy between the two acts cannot admit of doubt. The former contemplates cases which would admit of a plea alleging the non-joinder of parties who ought to be joined as co-defendants; whilst the latter confers no such privilege. Such being the construction which we feel bound to place upon these statutes, the plaintiff had his election to sue one or all of the parties, and such right being secured to him by the law the defendant had no right to demur for the non-joinder. The judgment is therefore reversed, the case remanded to the Conway circuit court with instructions to overrule the defendant’s demurrer; and to proceed with the erase in conformity with thi? ^pinion.